## SIEVERS et ux. v. WARNER et al.

Circuit Court of Appeals, Eighth Circuit.
October 22, 1928.

No. 8030.

P. A. Wells, W. C. Preus, and George A. Heisey, all of Minneapolis, Minn., for appellants.

S. A. Johnson, of Buffalo, Minn., for appellees.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge. Appellants, H. H. Sievers and Carolyn Sievers, husband and wife, were, on September 17, 1925, the owners of certain real estate and personal property in Wright county, Minn. That day they made, executed, and delivered to defendant Warner, a trustee, a warranty deed to the real property. On the same day a trust agreement was made and entered into between the parties providing the purpose for which the conveyance to real estate and turning over the personal property was made, the same being stated therein, as follows:

"The trustee shall hold said property for the purpose of guaranteeing the payment to the First National Bank of Buffalo, Buffalo, Minnesota, the following notes, to-wit: William Bloyer, $1,500; William M. Mueller, $4,500; William Tarzell, $4,500; Bankers National Bank, $7,500; M. P. Williams, $3,147; B. C. Dixon, $2,000; E. C. Helland, $2,000; N. E. Swanson, $1,000; T. C. Strand, $1,500, and also for the purpose of guaranteeing to the said The First National Bank of Buffalo the value of the following bonds: $10,000.00 in M. & M. Coal Corporation."

The purpose of the conveyance and the delivery of the personal property to the trustee is stated as follows in the bill of complaint filed in the case:

"That said real estate constituted a part of a forty-five thousand dollars ($45,000.00) conditional contribution made to said bank by complainants and certain other parties interested therein, the purpose of said contribution being to supplant certain doubtful or worthless paper owned by said bank in order that insolvency of said institution might be avoided."

The trust thus created for the benefit of the bank was accepted by resolution of its board of directors, from which it appears both H. H. Sievers and the trustee, Warner, were directors of said bank. It further shows Sievers was financially interested in the bank to the extent of 190 shares of its capital stock. From the entire records it clearly appears the bank, at the date of the transaction, was in financial difficulties, and had much worthless paper which the parties were attempting to make good by guaranteeing its payment. After this transaction had been fully completed, and on October 10, 1925, thereafter, the bank failed, and was placed in the hands of a receiver by the Comptroller of the Currency, who laid an assessment against the shares in the bank of 100 per cent.

The purpose of this suit was to procure a decree that the terms of the trust agreement made for the benefit of, and accepted by, the bank had been broken or renounced by the bank. The trial court, on motion, dismissed the bill of complaint for want of equity as to Warner, trustee, and thereafter, on stipulation of solicitors for the parties, made the same order as to the receiver of the bank, Shoemaker. Complainants below appealed.

A careful reading and consideration of the record discloses no question of either doubt or merit. It is simply an instance wherein those interested in a national bank, having much worthless paper, and fearing the result of insolvency, the closing of the bank by the Comptroller of the Currency, and the attendant assessment of the shareholders, parties in interest pledge their property to assist the bank in order that it might not fail. After the conveyance and its acceptance by the trustee for the use and benefit of the bank, the bank fails, and all its property, including that conveyed under the trust agreement, passes under the control of the receiver, to be administered as by law provided, the donors, without averring in the bill of complaint, or even contending the purpose for which the property was pledged, want their

property released, because their efforts to assist the bank, and thus save it from insolvency, have proved futile.

There is no equity in the bill of complaint, and the decree of dismissal is right, and will be affirmed.